FIDELITY & DEPOSIT COMPANY OF MARYLAND, A CORPORA-
TION, *Plaintiff in Error*, v. S. B. AULTMAN, *Defendant in
Error*.

1.  In preparing assignments of error, each error relied upon
    should be clearly and distinctly specified and separately as-
    signed.

2.  All the points adjudicated by an appellate court upon a writ
    of error or an appeal become the law of the case, and are
    no longer open for discussion or consideration.

This case was decided by Division A.

Writ of error to the Circuit Court for Hillsborough
County.

The facts in the case are stated in the opinion of the
court.

*J. J. Lunsford* and *H. P. Baya,* for Plaintiff in Error;

*H. S. Hampton,* for Defendant in Error.

SHACKLEFORD, J.—This case makes its appearance here
for the second time. See 58 Fla., 228, 50 South. Rep. 991,
wherein a statement of the facts will be found. Upon the
former writ of error, we reversed the judgment rendered
against the plaintiff in error for the reason that it did not
appear that the bond sued on was produced and filed in
evidence. This omission was supplied at the second trial,
which trial again resulted in a verdict and judgment in
favor of the plaintiff. Several errors are assigned, but they
do not call for any extended discussion. We would refer
to what we said in McKinnon v. Lewis, 60 Fla. 125, 53
South. Rep. 940, as to the principles which should guide in

the preparation of assignments of error, as some of the assignments in the instant case are open to the same objections which we pointed out there. As we have repeatedly announced, all the points adjudicated by an appellate court upon a writ of error or an appeal become the law of the case, and are no longer open for discussion or consideration. McKinnon v. Johnson, 57 Fla. 120, 48 South. Rep. 910, wherein prior decisions of this court will be found cited, and Purvis v. Frink, 61 Fla. , 54 South. Rep. 62. The application of this principle disposes of several of the contentions of the plaintiff in error. After a careful consideration of the transcript of the record and the briefs of the respective parties, we are of the opinion that substantial justice has been done between the parties and that no reversible error has been made to appear to us, therefore, the judgment must be affirmed.

WHITFIELD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.