M. W. ULMER, *Plaintiff in Error*, v. THE FIRST NATIONAL
BANK OF ST. PETERSBURG, A CORPORATION, *Defendant in
Error.*

1.  While a State may not impose conditions upon the right of
    corporations legally authorized by Congress to do business in
    the State or may not place unlawful burdens upon the inter-
    state business of a foreign corporation lawfully in the State,
    yet the State may exclude foreign corporations or impose upon
    them conditions for doing business in the State where it does
    not conflict with Federal laws.

2.  A corporation is not a "citizen" within the provisions of Sec-
    tion 2, Article 4 of the Federal Constitution that "the citizens
    of each State shall be entitled to all privileges and immuni-
    ties of citizens in the several States," or within the provi-

sions of the Fourteenth Amendment that "no State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States."

3. A statutory requirement that all foreign corporations shall file their charters and get a permit before they can do any business or acquire, hold or dispose of any property in the State does not deny any right secured by the State or Federal organic law.

4. A corporation existing under the laws of another state is a foreign corporation in this State.

5. Where a statute provides that no foreign corporation shall transact business, or acquire, hold or dispose of property in the State, before it has filed a copy of its charter and received a permit, and that every contract made by or on behalf of any foreign corporation affecting its liability or relating to property in the State before it has complied with the act, shall be void on its behalf and on behalf of its assigns, the taking of a promissory note by the agent of a foreign corporation that has not complied with the statute, in payment for stock of the corporation to be delivered when the note is paid, shows a contract made in the State on behalf of the foreign corporation affecting its liability to deliver the stock in violation of the statute, if it does not also violate other features of the statute, and the payment of the note a part of the forbidden contract will not be enforced by the courts of the State.

This case was decided by Division A.

Writ of error to the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*McMullen & McMullen,* for Plaintiff in Error;

*E. R. Gunby* and *Wm. Hunter,* for Defendant in Error.

462 SUPREME COURT OF FLORIDA.

WHITFIELD, C. J.—The following declaration was filed in the Circuit Court for Hillsborough County:

"The First National Bank of St. Petersburg, a corporation, by E. R. Gunby and William Hunter, its attorneys, sues M. W. Ulmer, for that heretofore, to-wit: on the 4th day of March, 1910, the defendant by his promissory note of said date, promised on or before the 4th day of September, 1910, for value received, to pay O. W. Shugars and W. T. Ogden or order, twelve hundred and fifty dollars, with interest from date at six per cent. per annum, payable at the office of the Bank of Largo, and all costs and a reasonable attorneys fee, if placed in the hands of an attorney for collection, and before the said note fell due the said O. W. Shugars and W. T. Ogden sold the same and endorsed it for value to the plaintiff, and on the 4th day of September, 1910, the said note was duly presented for payment at the Bank of Largo, and that the said M. W. Ulmer failed and refused to pay the same, and thereafter the plaintiff requested the said M. W. Ulmer, defendant, to pay said note, and upon his failure and refusal to do so, placed the same in the hands of the plaintiff's attorneys for collection.

Whereupon the plaintiff brings this suit and claims two thousand dollars damages, and files a copy of said note, and makes the same a part of this declaration.

E. R. Gunby, Wm. Hunter,

Attorneys for Plaintiff.

Int.      37.50

$1250.50    1287.50    Largo, Fla., Mch. 4, 1910.

Six months after date I promise to pay to the order of O. W. Shugars and W. T. Ogden twelve hundred and fifty dollars, at the Bank of Largo, Fla., for value received, with interest from date, at the rate of 6% per annum until paid. Now should it become necessary to collect

this note through an attorney, either of us, whether maker, security or endorser on this note, hereby agree to pay all costs of such collection including a reasonable attorney's fee. The drawers and endorsers severally waive presentment for payment, protest and notice of protest for non-payment of this note.       M. W. Ulmer.

Note No. 7760.

Due Sept. 4.

Notice of Protest 9/6, 1910. J. M. Barco, Notary.

First National Bank. Collection 22 60 St. Petersburg, Fla.

Endorsed" 'O. W. Shugars    W. T. Ogden. Pay to the order of any Bank or Bankers    Prior endorsement guaranteed    Aug. 29-1910.    First National Bank of St. Petersburg, Fla.    T. A. Chancellor, Cashier.' "

To this declaration the defendant pleaded:

"First:    That the note sued upon was never the property of Shugars & Ogden, the payees named therein, but that said Shugars & Ogden were the agents of The Automobile Insurance Company of America, a corporation organized and existing under the laws of the State of Indiana, and that said note was given by this defendant as part of the purchase price of certain shares of the capital stock of the said corporation, and that this was known to the said plaintiff, The First National Bank of St. Petersburg at the time it attempted to acquire the said note sued upon; and that said contract was executory, the stock not to be delivered until the note was paid, and that at the date of the said note, to-wit: the 4th day of March, A. D. 1910, no foreign corporation was permitted to transact business, or acquire, hold or dispose of property in this State until it had filed in the office of the Secretary of State a duly authenticated copy of its charter, or articles of incorporation and received from the Secretary of State a permit to transact business in this State;

and that on the date last aforesaid, to-wit: the 4th day of March, A. D. 1910, the date upon which the shares of stock were sold to this defendant and the note aforesaid given, the said The Automobile Insurance Company of America, a corporation, had not complied with the laws of this State, in that it had not filed in the office of the Secretary of State a duly authenticated copy of its charter, or articles of incorporation, and had not then received from the said Secretary of State a permit to transact business in this State; and that the said note was executed at St. Petersburg, Florida, where the contract for stock was entered into, and was delivered in said State to said Shugars & Ogden, as agents for the said The Automobile Insurance Company of America, of which facts the plaintiff had full knowledge.

Wherefore said note is void and unenforcible against this defendant.

Second.   That the note sued upon was made by this defendant to Shugars & Ogden as the agents of The Automobile Insurance Company of America, a corporation organized and existing under the laws of the State of Indiana, as part consideration for a contract on behalf of said corporation to deliver certain shares of the capital stock of said corporation to this defendant, and that this was known to the plaintiff, The First National Bank of St. Petersburg, at the time it attempted to acquire the said note sued upon; and that the said contract was executory, the stock not to be delivered until the note was paid; and that at the date of the said note, to-wit: March 4th, 1910, every contract made by, or on behalf of any foreign corporation effecting its liability, or relating to property within the State of Florida, before such corporation had filed in the office of the Secretary of State authenticated copy of its charter, or articles of incorporation, and had

VOL. 61, JANUARY TERM, 1911.       465

Ulmer v. First National Bank, St. Petersburg—Opinion of Court.

received from the Secretary of State a permit to transact business in this State, was void on behalf of said corporation and on behalf of its assigns; and that on the date of said note, to-wit: March 4th, 1910, the date upon which the shares of stock were agreed to be sold to this defendant and the note aforesaid given, the said The Automobile Insurance Company of America, a corporation, had not complied with the laws of this State, in that it had not filed in the office of the Secretary of State a duly authenticated copy of its charter, or articles of incorporation, and had not then received from the said Secretary of State a permit to transact business in this State; and the said note was executed in St. Petersburg, Florida, where the pretended contract for the sale of the stock was entered into.

Wherefore, said note is void and unenforcible against this defendant.

> McMullen & McMullen,
> Attorneys for Defendant."

The plaintiff demurred to the pleas as follows:

"1st. That the pleas are bad in substance, and are no defence to the facts set up in the plaintiff's declaration, for the reason that the laws of the State of Florida did not require at the time of the giving of said notes, a foreign corporation to file in the office of the Secretary of State, a duly authenticated copy of its charter, or articles of incorporation, and receive from the Secretary of State a permit to transact business in this State, before it could sell its capital stock to the citizens of the State of Florida, and deliver the same.

2nd.   That at the time of the making of said notes, to-wit: on March 19th, 1910, the contract made by the de-

30 Vol. 61

fendant to pay Shugars and Ogden the amount of money stated in said note, was not void, for the reasons given in the second plea of the defendant."

On sustaining the demurrers to the pleas, the defendant declining to plead further, final judgment for the plaintiff was rendered and the defendant took writ of error. Errors are assigned on sustaining the demurrer to the pleas and in rendering judgment for the plaintiff.

Sections 1 and 4 of Chapter 5717, Acts of 1907, provide "that no foreign corporation shall transact business, or acquire, hold or dispose of property in this State until it shall have filed in the office of the Secretary of State a duly authenticated copy of its charter or articles of incorporation, and shall have received from him a permit to transact business in this State." "Every contract made by or on behalf of any foreign corporation affecting its liability or relating to property within the State before it shall have complied with the provisions of this act shall be void on its behalf and on behalf of its assigns, but shall be enforcible against it or them."

While a State may not impose conditions upon the right of corporations legally authorized by Congress to do business in the State or may not place unlawful burdens upon the interstate business of a foreign corporation lawfully in the State, yet the State may exclude foreign corporations or impose upon them conditions for doing business in the State where it does not conflict with Federal laws. A corporation is not a "citizen" within the provision of Section 2, Article 4 of the Federal constitution that "the citizens of each State shall be entitled to all privileges and immunities of citizens in the several States," or within the provision of the Fourteenth Amendment that "no State shall make or enforce any law which shall abridge the privileges or immunities of citizens of

the United States." See Pembina Con. Silver Mining & Milling Co. v. Pennsylvania, 125 U. S., 181, 8 Sup. Ct. Rep., 737; Orient Ins. Co. of Hartford, Conn., v. Daggs, 172 U. S., 557, 19 Sup. Ct. Rep., 281; Diamond Glue Co. v. United States Glue Co., 187, U. S. 611, 23 Sup. Ct. Rep., 206; State ex rel. Hoadley v. Board of Insurance Commissioners, 37 Fla., 564, 20 South. Rep., 772. It is within the power and duty of the State to prevent imposition or injustice from being practiced within its territory, and to provide for the general welfare of its people. To this end it may require all foreign corporations to file their charters and to get a permit before they can do any business or acquire, hold or dispose of any property in the State. This does not deny to such foreign corporations any right secured to them by the State or Federal organic law, since it is not an unjust discrimination, is not a denial of due process of law or the equal protection of the laws, and is not an unlawful regulation of or burden upon interstate or foreign commerce.

The statute above quoted is within the police power of the State. It does not conflict with Federal regulations of or impose unlawful burdens upon interstate or foreign commerce. It does not deny to the foreign corporation any right secured to it by the State or Federal constitution; and it does not appear to have been enacted in violation of organic law.

A corporation existing under the laws of another State is a foreign corporation in Florida within the meaning of the statute.

If the statute has been violated by the foreign corporation in acquiring the note or in making a contract of which the note is a part, the corporation cannot enforce the payment of the note in the courts of the State; and if the note was taken by the endorsee bank with notice

of and subject to its infirmities under the existing laws, the bank cannot recover through the courts.

The demurrer admits the averments of the plea that the note was given to the payees as agents for a foreign corporation for shares of its capital stock, that the foreign corporation had not complied with the laws of this State, in that it had not filed in the office of the Secretary of State a duly authenticated copy of its charter or articles of incorporation, and had not received from the said Secretary of State a permit to transact business in this State, when the promissory note sued on was given to its agents for the purchase of its capital stock, and that the plaintiff bank took the note with notice of its infirmities.

The demurrer also admits the averments of the plea that the note was executed in Florida as part consideration for a contract entered into in Florida on behalf of the foreign corporation to deliver certain shares of its capital stock. This shows a contract made in the State on behalf of the foreign corporation affecting its liability if it does not also show a transaction of business in this State and the acquisition and disposal of property in this State within the meaning of the statute. The making of such contract in the State on behalf of the foreign corporation violates the statute, and the note a part of the contract or transaction will not be enforced by the courts of the State. Southwestern Slate Co. v. Stephens, 139 Wis., 616, 120 N. W. Rep., 408. The transaction is not covered by any Federal regulation of interstate or foreign commerce, and the statute forbidding it is not an unlawful burden upon interstate or foreign commerce; therefore no question of regulating or imposing a burden upon interstate commerce is presented, since the State may regulate the terms on which a foreign corporation may contract or do business in the State where no Federal regulation is inter-

fered with, and no unlawful burden is put upon interstate or foreign commerce.

As a good defense may be shown under the pleas, the demurrer thereto was erroneously sustained, and the judgment is reversed.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.