A. C. PHIEL, *Appellant,* v. J. C. WILLIAMS *et al., Appellees.*

The remedy afforded by Section 1488 of the General Statutes is not exclusive of the remedy for a discovery in equity, and in a proper case the equitable remedy should be applied.

Appealed from the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*James F. Glen,* and *C. C. Whitaker,* for Appellant;

*Hilton S. Hampton,* for Appellees.

WHITFIELD, C. J.—A demurrer to a bill of complaint in

equity filed to secure the appointment of a receiver or master for the purpose of obtaining a discovery by ascertaining the existence or non-existence of merchantable phosphate of the character and in the quantity specified in a contract in aid of an action at law in the Circuit Court on the contract to recover royalties for the phosphate rock taken from lands that by the contract are in the possession of the defendant, was sustained, apparently upon the theory that the remedy at law is adequate, and the complainant appealed.

Section 1488, of the General Statutes of 1906, provides that "Either party shall be at liberty to apply to the court for a rule or order for the inspection by himself or by his witness of any real or personal property, the inspection of which may be material to the proper determination of the question in dispute; and the costs of the said rule or order and the proceedings therein shall be in the discretion of the court."

This statutory remedy is not exclusive of the remedy afforded by a court of equity, and from the allegations of the bill it may well be that the remedy at law is inadequate, which is sufficient warrant for appropriate relief in equity. See Thrasher v. Diog, 18 Fla. 809; 14 Cyc. 308, 309; Virginia & A. Min. & Mfg. Co. v. Hale & Co. 93 Ala. 542, 9 South. Rep. 256.

The decree is reversed.

TAYLOR, SHACKLEFORD, COCKRELL and HOCKER, J. J., concur.