A. R. HARPER PIANO COMPANY, *Plaintiff in Error*, v. SEA-BOARD AIR LINE RAILWAY, *Defendant in Error*.

Opinion Filed June 3, 1913.

1.  All the points adjudicated by an appellate court upon a writ of error or an appeal become the law of the case, and are no longer open for discussion or consideration.

2.  Where the appellate court has held upon a writ of error in an action against a railroad company based upon its liability as a common carrier that the testimony failed to show the relation of a carrier and shipper, this becomes the law of the case and, upon a subsequent trial, where the pleadings have not been amended and the issues remain the same and the testimony adduced by the plaintiff is mostly of a cumulative nature, and the evidence, taken as an entirety, failed to show any liability upon the part of the defendant as a common carrier, the trial court properly directed the jury to return a verdict in favor of the defendant.

Writ of error to the Circuit Court of Alachua County.

Judgment affirmed.

*W. S. Broome*, for Plaintiff in Error;

*Hampton & Hampton*, for Defendant in Error.

SHACKLEFORD, C. J.—This case comes here for the second time. See Seaboard Air Line Ry. v. A. R. Harper Piano Company, 63 Fla. 264, 58 South. Rep. 491, to which we would refer for a full statement of the facts. Upon the remanding of the case, the second trial was had upon the same issues. After all the evidence had been submitted by the respective parties litigant, the trial judge

granted the motion of the defendant directing the jury to return a verdict for the defendant. While three errors are assigned, they are all argued together, it being agreed by counsel that the only point presented for determination is as to the correctness of this peremptory instruction to the jury.

We have repeatedly held that all the points adjudicated by an appellate court upon a writ of error or an appeal become the law of the case, and are no longer open for discussion or consideration. See McKinnon v. Johnson, 57 Fla. 120, 48 South. Rep. 910, where prior decisions of this court will be found cited; Purvis v. Frink, 61 Fla. 712, 54 South. Rep. 862; Fidelity & Deposit Co. of Maryland v. Aultman, 61 Fla. 197, 55 South. Rep. 273; Hillsborough Grocery Co. v. Leman, 62 Fla. 208, 56 South. Rep. 684. In the opinion rendered upon the former writ of error, we held as follows:

"The action and the recovery against the railroad company are based upon its liability as a common carrier, while the testimony shows the relations of carrier and shipper did not exist between the railroad company and the owner of the piano.

The relation alleged is that of a carrier, while the relation shown in evidence is that of a warehouseman, and not that of a common carrier. The liability of a warehouseman is quite different from that of a common carrier. 6 Cyc. 460; Moore on Carriers, 141, 161, *et seq.*"

Upon the second trial, the pleadings had not been amended and the issues remained the same, as we have already said. Some additional evidence was adduced by the plaintiff, mostly of a cumulative nature, but we are of the opinion that the evidence, taken as an entirety, failed to show any liability upon the part of the defendant as a common carrier. This being true, it necessarily

follows that the plaintiff had failed to sustain the allegations of the declaration, for which reason the trial court was warranted in directing the jury to return a verdict for the defendant. Where the evidence is not such as would warrant a verdict for the plaintiff, an affirmative charge for the defendant cannot be held to be erroneous. Mugge v. Jackson, 53 Fla. 323, 43 South. Rep. 91, and Stone v. Citizens' State Bank, 64 Fla. 456, 59 South. Rep. 945.

Judgment affirmed.

TAYLOR, COCKRELL, HOCKER AND WHITFIELD, J. J., concur.