THE FIRST NATIONAL BANK OF ST. PETERSBURG, A CORPORATION, *Plaintiff in Error,* v. M. W. ULMER, *Defendant in Error.*

## Opinion Filed June 26, 1913.

1. All the points adjudicated by an appellate court upon a writ of error or an appeal become the law of the case, and are no longer open for discussion or consideration.

2. When a demurrer to pleas is held bad on appeal, the matter is *res adjudicata,* and the trial court is bound thereby. The statute requiring courts to permit amendments to pleadings does not contemplate amendments to the grounds of a demurrer to pleas, where the pleas have been held to be good on the demurrer on appeal, and the question is *res adjudicata.*

3. Every pleading is to be most strictly construed against the pleader thereof. It is the first essential of good pleading that it be characterized by certainty, and this quality is especially requisite in a replication.

Writ of error to Circuit Court of Hillsborough County; F. M. Robles, Judge.

Judgment affirmed.

*E. R. Gunby* and *Wm. Hunter,* for Plaintiff in error;

*McMullen* & *McMullen,* for Defendant in error.

SHACKLEFORD, C. J.—The First National Bank of St. Petersburg brought two actions against M. W. Ulmer and also an action against John S. Taylor upon three separate promissory notes. In the court below demurrers were sustained to pleas in all three cases and judgments were entered in favor of the plaintiff. Writs of error were sued out to all three judgments, but by a written agreement filed in this court it was stipulated that, as the pleadings in the three cases were similar and the points to be determined were the same, only one transcript of the record should be filed here and that the decision rendered in one case should be decisive of all three cases. In accordance with this agreement, we proceeded to consider the cases and found that the demurrers had been erroneously sustained to the pleas and reversed the judgments. See the opinion rendered in Ulmer v. First National Bank of St. Petersburg, 61 Fla. 460, 55 South. Rep. 405, and decisions rendered in the other two cases, 61 Fla. 460 and 469, 55 South. Rep. 408. Upon the going down of the mandate, the defendant in the Ulmer case in which only a decision was rendered by this court, by leave of court, amended his first plea. The plaintiff interposed a demurrer to the two pleas, which was overruled, whereupon the plaintiff filed replications, to which the defendant interposed a demurrer, which was sustained, and, the

plaintiff declining to plead further, final judgment was rendered in favor of the defendant, which the plaintiff has brought here for review by writ of error, assigning as error the overruling of the demurrer to the pleas, the sustaining of the demurrer to the replications and the rendition and entry of the final judgment. In order to render this opinion the more readily intelligible, we think it advisable to copy the pleadings, omitting their formal parts. The declaration is as follows:

"The First National Bank of St. Petersburg, a Corporation by E. R. Gunby and William Hunter its attorneys, sues M. M. Ulmer, for that heretofore, to-wit: on the 19th day of March, 1910, the defendant by his promissory note of said date, promised on or before the 19th day of July, 1910, for value received, to pay Shugars and Ogden, or order Twenty-five Hundred Dollars, with interest from date at six per cent per annum, payable at the office of the First National Bank of St. Petersburg and all costs and ten per cent attorneys fee, if placed in the hands of an attorney for collection.

That thereafter and before said note fell due, the said Shugars and Ogden sold the same and endorsed it for value to the plaintiff, and on the 19th day of July, 1910, said notes was duly presented for payment at the First National Bank of St. Petersburg, Florida, and that the said M. M. Ulmer failed and refused to pay the same, and thereafter the plaintiff requested the said M. M. Ulmer, defendant, to pay said note, and upon his failure and refusal to do so ,placed the same in the hands of the plaintiff's attorney for collection.

Whereupon the plaintiff brings this suit, and claims Four Thousand Dollars damages, and files a copy of said note and makes the same a part of this declaration."

The promissory note attached to and made a part of the declaration is as follows:

"$2,500.00          St. Petersburg, Fla., March 19, 1910.

On or before the 19th day of July, 1910 for value received, we or either of us promise to pay Shugars & Ogden or order, Twenty-five Hundred Dollars, with interest from date at 6% per annum, payable at the office of the First National Bank of St. Petersburg, Fla., and all costs and 10 per cent attorney's fee, if placed in the hands of an Attorney for collection. All demands and offsets against the payee herein named, are waived in favor of any bona fide purchaser. The drawers and endorsers severally waive presentment for payment, protest and notice of protest and non-payment of this note.

Note No. 7820.          M. M. ULMER,

ENDORSED:     O. W. SHUGARS,
              W. T. OGDEN.

ENDORSED: St. Petersburg, Fla., July 19, 1910. Protested for non-payment. Walter. Robinson Howard, Notary Public. Charges $2.00."

As we have already said, the defendant, by leave of court, amended his first plea, which reads as follows:

"First. That the note sued upon was never the property of Shugars & Ogden, the payee named therein, but that said Shugars & Ogden were the agents of The Automobile Insurance Company of America, a corporation organized and existing under the laws of the State of Indiana, and that said note given by this defendant as a part of the purchase price of certain shares of the capital stock of the said corporation, and that this was known to the said plaintiff, the First National Bank of St. Petersburg, at the time it attempted to acquire the said note sued upon; and that the said contract was executory, the stock was not to be delivered until the note was paid; and

that the date of the said note, to-wit: March 19th, 1910, no foreign corporation was permitted to transact business, or acquire, hold, or dispose of property in this State until it had filed in the office of the Secretary of State a duly authenticated copy of its charter, or articles of incorporation, and received from the Secretary of State a permit to transact business in this State; and that on the date last aforesaid, to-wit: the 19th day of March, 1910, the date upon which the shares of stock were sold to this defendant, and the note aforesaid given, the said The Automobile Insurance Company of America, a corporation, had not complied with the laws of this State, in that it had not filed in the office of the Secretary of State, a duly authenticated copy of its charter, or articles of incorporation, and had not then received from the said Secretary of State a permit to transact business in this State; and that the said note was executed at St. Petersburg, Florida, where the pretended contract for stock was entered into, and was delivered in said State, to the said Shugars & Ogden, as agents of the said The Automobile Insurance Company of America.

Wherefore, said note is void, and unenforcible against this defendant."

The second plea remained unchanged and reads as follows:

"Second. That the note sued upon was made by the defendant to Shugars & Ogden as the agents of The Automobile Insurance Company of America, a corporation organized and existing under the laws of the State of Indiana, as part consideration for a contract on behalf of said corporation to deliver certain shares of the capital stock of said corporation to this defendant, and that this was known to the plaintiff, The First National Bank of St. Petersburg, at the time it attempted to acquire the

said note sued upon; and that the said contract was executory, the stock not to be delivered until the note was paid; and that at the date of the said note, to-wit: March 4th, 1910, every contract made by, or on behalf of any foreign corporation affecting its liability or relating to property within the State of Florida, before such corporation had filed in the office of the Secretary of State a duly authenticated copy of its charter, or articles of incorporation, and had received from the Secretary of State a permit to transact business in this State, was void on behalf of said corporation and on behalf of its assigns; and that on the date of said note, to-wit: March 4th, 1910, the date upon which the shares of stock were agreed to be sold to this defendant and the note aforesaid given, the said The Automobile Insurance Company of America, a corporation, had not complied with the laws of this State, in that it had not filed in the office of the Secretary of State a duly authenticated copy of its charter, or articles of incorporation, and had not then received from the said Secretary of State a permit to transact business in this State; and the said note was executed in St. Petersburg, Florida, where the pretended contract for the sale of the stock was entered into.

Wherefore, said note is void and unenforcible against this defendant."

To these pleas the plaintiff interposed the following demurrer:

"Now comes the plaintiff the First National Bank of St. Petersburg, by E. R. Gunby and William Hunter, its attorneys, and files this its demurrer to the amended first plea, and to the second plea to the plaintiff's declaration, and for cause of demurrer says:

That the said amended plea and second plea are bad in

substance and insufficient in law for the following reasons, to-wit:

1. That even if all the facts set up in said pleas are true, the transaction stated in said pleas is not such a transaction as falls within the requirements of the laws of the State of Florida, that the Automobile Insurance Company of America, should have filed its articles of incorporation with the Secretary of State, and received a permit to do business in said State.

2nd. That it is not alleged in said pleas that the plaintiff had any notice of the failure of the Automobile Insurance Company of America, to comply with the laws of the State of Florida, with reference to filing its articles of incorporation with the Secretary of State as aforesaid."

Upon the overruling of the demurrer, the plaintiff filed the following replication:

"Now comes the plaintiff, by E. R. Gunby and William Hunter, its attorneys, and on the amended first plea of the defendant, filed on July 5th, 1911, and to the following part of said plea, to-wit:

1. 'That the note sued upon was never the property of Shugars & Ogden, the payees named therein, but that said Shugars & Ogden were the Agents of The Automobile Insurance Company of America, a corporation organized and existing under the laws of the State of Indiana, and that said note was given by this defendant as a part of the purchase price of certain shares of the capital stock of the said corporation, and that this was known to the said plaintiff, the First National Bank of St. Petersburg, at the time it attempted to acquire the said note sued upon; and that the said contract was executory, the stock not to be delivered until the note was paid,' the plaintiff joins issue.

2. And for replication to all that part of said plea,

which reads as follows: 'And that at the date of said note, to-wit, March 4th, 1910, no foreign corporation was permitted to transact business or acquire, hold or dispose of property in this State until it had filed in the office of the Secretary of State a duly authenticated copy of its charter, or articles of incorporation, and received from the Secretary of State a permit to transact business in this State,' the plaintiff says it had no notice that the Automobile Insurance Company of America had not complied with the laws of the State of Florida, and had not filed in the office of the Secretary of State a duly authenticated copy of its charter or articles of incorporation, and had not then received from the said Secretary of State a permit to transact business in this State.

3. And to that part of said plea which reads as follows: 'That the pretended contract for stock was entered into and was delivered in the said State to the said Shugars & Ogden as Agents of The Automobile Insurance Company of America,' the plaintiff joins issue.

4. On that part of the defendant's second plea, which reads as follows: 'That the note sued upon was made by this deefndant to Shugars & Ogden as the Agents of the Automobile Insurance Company of America, a corporation organized and existing under the laws of the State of Indiana, as part consideration for a contract on behalf of said corporation to deliver certain shares of the capital stock of said corporation to this defendant, and that was know to the plaintiff, the First National Bank of St. Petersburg, at the time it attempted to acquire the said note sued upon; and that the said contract was executory, the stock not to be delivered until the note was paid,' plaintiff joins issue.

5. For replication to that part of the said plea which reads as follows: 'That on the date of said note, to-wit:

March 4th, 1910, the date upon which the shares of stock were agreed to be sold to this defendant and the note aforesaid given, the said The Automobile Insurance Company of America, a corporation, had not complied with the laws of this State, in that it had not filed in the office of the Secretary of State a duly authenticated copy of its charter, or articles of incorporation, and had not then received from the said Secretary of State a permit to transact business in this State; and the said note was executed in St. Petersburg, Florida, where the pretended contract for the sale of the stock was entered into, wherefore said note is void and unenforcible against this defendant: plaintiff says, that the plaintiff did not know, and had no notice that said Automobile Insurance Company of America, had not complied with the laws of the State of Florida, and had not received from the Secretary of State a permit to transact business in this State, and that the plaintiff purchased said note, before maturity for a valuable consideration, and without having any knowledge or notice as aforesaid."

To these replications the defendant interposed the following demurrer:

"Now comes the defendant by his attorneys, McMullen & McMullen, and demurs to the replication and joinder of issue filed in the above entitled cause on the 18th day of January, A. D. 1912, for the following reasons, to-wit:

"First (a) Defendants demur to the first replication for the reason that the same joins issue upon matters of fact set forth in the plea by way of inducement.

(b)   Because the first replication constitutes no valid reply to defendant's first plea.

Second (a)   Because the second replication constitutes no valid reply or bar to defendant's first plea.

(b)   The note sued upon being given in violation of

law and void *ab inito*, will not be enforced by the courts of this State, and plaintiff's lack of knowledge of the omission of the Automobile Insurance Company of America, to file in the office of the Secretary of the State an authenticated copy of its charter or articles of incorporation, constitutes no valid reply to the plea in this case.

Third (a) Because the third replication is not responsive to the plea.

(b) Because the third replication constitutes no valid reply to defendant's first plea.

Fourth (a) Because the fourth replication joins issue upon matters of fact set forth in the plea by way of inducement.

(b) Because said fourth replication constitutes no valid reply to defendant's second plea.

Fifth (a) Because plaintiff's replication to defendant's second plea constitutes no valid reply or bar to the defendant's second plea.

(b) Because the note sued upon being given in violation of law and *ab inito* void, will not be enforced by the courts of this State, and plaintiff's lack of knowledge of the omission of the Automobile Insurance Company of America to file in the office of the Secretary of State an authenticated copy of its charter or articles of incorporation, constitutes no valid reply to the second plea in this case.

Sixth. Defendant further demurs to the replications as a whole because the same are vague, indefinite and uncertain in their allegations.

Seventh. Defendant further demurs to the replications as a whole for the reason that the same do not set up any valid reply or bar to defendant's first amended plea or, to defendant's second plea."

As we have already said, the second plea was not amended, but remained unchanged. Upon the former writ of error, we held that it was sufficient to withstand the assault made upon it by the demurrer. The first plea was amended only so as to make it conform to the language of the second plea in the matter of notice to the plaintiff, the only change therein being that the words "of which facts the plaintiff had full knowledge," which were in such plea as originally framed and filed, were eliminated. We held upon the former writ of error that, "as a good defense may be shown under the pleas, the demurrer thereto was erroneously sustained." We have repeatedly held that all the points adjudicated by an appellate court upon a writ of error or an appeal become the law of the case, and are no longer open for discussion or consideration. See McKinnon v. Johnson, 57 Fla. 120, 48 South. Rep. 910, and A. R. Harper Piano Co. v. Seaboard Air Line Ry., 65 Fla. 490, 62 South. Rep. 482, wherein other decisions of this court will be found cited. The application of this principle disposes of the first assignment adversely to the contention of the plaintiff. This is true, although the demurrer filed in the instant case is not identical with the former demurrer but seeks to raise additional points. It still necessarily admits the averments of the pleas, which we have held constituted a good defense to the action. As we held in Hartford Fire Insurance Co. v. Hollis, 64 Fla. 89, 59 South. Rep. 785, "When a demurrer to pleas is held bad on appeal, the matter is *res adjudicata*, and the trial court is bound thereby. The statute requiring courts to permit amendments to pleadings does not contemplate amendments to the grounds of a demurrer to pleas, where the pleas have been held to be good on the demurrer on appeal and the question is *res adjudicata*." This being true, further discus-

sion of the point is not called for and it becomes unnecessary to consider or refer to the authorities from other jurisdictions which have been cited to us by the respective parties.

This brings us to the second assignment, which is based upon the sustaining of the demurrer to the replications. This court has uniformly held in a long line of decisions that every pleading is to be most strongly construed against the pleader thereof. As we held in Southern Home Insurance Co. v. Putnal, 57 Fla. 199, 49 South. Rep. 922, "It is the first essential of good pleading that it be characterized with certainty, and this quality is especially requisite in the replication;" wherein we followed Sealey v. Thomas, 6 Fla. 25. Applyng this principle, we are of the opinion that the demurrer was properly sustained to the replications, wherefore the second assignment must fail. We see no useful purpose to be accomplished by any extended discussion. We have said sufficient in Ulmar v. First National Bank of St. Petersburg, 61 Fla. 460, 55 South. Rep. 405, to indicate the views which we entertain upon the points involved. It follows that the judgment must be affirmed.

TAYLOR, COCKRELL, HOCKER AND WHITFIELD, J. J., concur.