J. C. WILLIAMS AND E. W. CLARK, *Appellants*, v. A. C. PHIEL, *Appellee.*

### Opinion Filed November 11, 1913.

1. All the points adjudicated by an appellate court upon a writ of error or an appeal become the law of the case and are no longer open for discussion or consideration.

2. As a general rule, if the sole object of a suit is to obtain a discovery, there can be no proceeding beyond an answer by which the discovery is had. Where such discovery cannot be given by the defendants by merely answering the bill, the court may, within the exercise of its judicial discretion, cause necessary proceedings to be taken in order to obtain such discovery.

3. Where an action at law is pending and it becomes necessary for a fair and proper decision of the same to ascertain the existence or non-existence of merchantable phosphate of the character and in the quantity specified in a contract made by the parties litigant, the court may, upon a proper bill filed for that purpose, make an order authorizing a suitable person to go upon the lands where such phosphate is claimed to be situated and make the necessary inspection and tests in order to ascertain such facts, taking care in such order to properly safeguard the rights of the respective parties.

Appealed from Circuit Court, Hillsborough County; F. M. Robles, Judge.

Order affirmed.

*H. S. Hampton* and *J. J. Lunsford,* for Appellants;

*Jas. F. Glen,* and *C. C. Whitaker,* for Appellee.

SHACKLEFORD, C. J.—This is the third time that the litigation between the appellants and the appellee has come before this court. See Williams v. Phiel, 60 Fla. 272, 53 South. Rep. 638 and Phiel v. Williams, 64 Fla. 387,

59 South. Rep. 897.  In the last cited case we held "That
the remedy afforded by Section 1488 of the General
Statutes is not exclusive of the remedy for a discovery
in equity and in a proper case the equitable remedy should
be applied," and we reversed the decree sustaining the
demurrer to the bill.  Upon the going down of the man-
date from this court various and sundry proceedings were
had which we deem it unnecessary to particularize.  The
court made the following order, from which the defend-
ants have entered their appeal:

"This cause coming on to be heard upon the appilcation
of the complainant by his solicitors C. C. Whitaker and
J. F. Glen, for the appointment of a Special Master or Re-
ceivor as prayed in complainant's bill of complaint filed
herein; and it appearing to the court that answers have
been filed by the defendants to said bill of complaint and
replications filed to said answers; and it further appear-
ing that a Special Master or Receiver should be appointed,
as prayed in said bill of complaint.

It is therefore ordered, adjudged and decreed that Vic-
tor H. Knight, Esq., be and he is hereby appointed as
Special Master or Receiver to enter upon and take posses-
sion of the premises described in the contract annexed to
the bill of complaint filed herein, for the purpose of ascer-
taining, by inspection and tests, the existence or non-
existence of merchantable phosphate of the character and
quantity specified in said contract; and the said Victor
H. Knight, Esq., as such Special Master or Receiver is
hereby authorized, upon the complainant advancing the
necessary money to pay therefor, to erect or cause to be
erected upon said premises a phosphate plant of suitable
character and capacity to conduct mining operations
thereon, and after such plant has been so erected upon
said premises so that the same is in condition to begin

mining operations, the said Special Master or Receiver is hereby required and directed to so report to this court when the court will make such further order in the premises as will insure that the mining operations will be conducted for purpose of making a proper test, at which all parties can be represented and otherwise direct the character and manner in which such mining operations are to be carried on.

It is further ordered, adjudged and decreed that the taking of testimony in the chancery suit of J. C. Williams against A. C. Phiel and E. W. Clark be continued until discovery shall have been obtained under the provisions of this decree.

It is further ordered, adjudged and decreed that no trial or issues of fact be had in the common law suit of A. C. Phiel vs. J. C. Williams and E. W. Clark until such discovery shall have been had pursuant to this decree.

Ordered, adjudged and decreed at Chambers in Tampa, this 15th day of April, A. D. 1913."

Four errors are assigned, all of which question the correctness of such order and need not be treated in detail. As was recited in Phiel v. Williams, 64 Fla. 387, 59 South. Rep. 897, A. C. Phiel filed his bill in equity against J. C. Williams and E. W. Clark "to secure the appointment of a receiver or master for the purpose of obtaining a discovery by ascertaining the existence or non-existence of merchantable phosphate of the character and in the quantity specified in a contract in aid of an action at law in the Circuit Court to recover royalties for the phosphate rock taken from lands that by the contract are in the possession of the defendants." As we have already said, we held that the demurrer which the defendants interposed to this bill was erroneously sustained. We have repeatedly held that all the points adjudicated by an appellate court

upon a writ of error or an appeal become the law of the case and are no longer open for discussion or consideration. See First National Bank of St. Petersburg v. Ulmer, 66 Fla. ——, 63 South. Rep. 145, and former decisions of this court therein cited. The bill in the instant case must, then, be deemed to have been held by this court to be a bill for discovery and to be a proper bill for that purpose. That the bill clearly falls within that class of bills designated as bills for discovery is shown by an examination thereof, in connection with the distinction pointed out by this court in Thrasher v. Doig, 18 Fla. 809, which case was referred to, with approval, in Phiel v. Williams, *supra*. This being true, it follows that, in determining the correctness of the ruling which is before us for consideration, we must bear in mind the principles of practice regulating bills of discovery. As a general rule, "If the sole object of a suit is to obtain a discovery, there can be no proceeding beyond an answer by which the discovery is obtained." Mitford & Tyler's Pl. & Pr. in Equity, 113. See also to the same effect 6 Ency. of Pl. & Pr. 731, and authorities cited in the notes. As is further said there, "The cause is never brought to a hearing upon a mere bill of discovery, and hence there should be no decree of matters set forth in the bill." The instant case is out of the ordinary in that, as the counsel for the appellee have happily phrased it in their brief, "the peculiar circumstances require the removal of an impediment in order to obtain evidence." In other words, the defendants could not give the discovery sought by merely answering the bill. This will be readily apparent from an examination of the mining contract made by the complainant and defendants, which is alleged in the bill and will be found set up in the opinion rendered in Williams v. Phiel, 60 Fla. 272, 53 South. Rep. 638. That one of the grounds

for a court of equity exercising jurisdiction is "to remove impediments to the fair decision of a question in other courts," see Mitford & Tyler's Pl. & Pr. in Equity, 208. The same Circuit Judge before whom the complainant in the instant case as plaintiff had instituted an action at law against the defendants made the order in the instant case of which complaint is made. Being fully cognizant of the situation, such Judge was peculiarly qualified to determine whether the discovery so sought was necessary to a fair and proper decision of the action at law. In his judgment, such discovery was necessary. He would seem in making such order to have carefully safeguarded the rights of the respective parties, as a reading thereof will show. Undoubtedly he had the power to make the order and no abuse of his discretion in exercising such power is made to appear to us. Further discussion of the matter does not seem to be called for, and the order appealed from will be affirmed.

TAYLOR, COCKRELL, HOCKER AND WHITFIELD, J. J., concur.