### JAMES PARRISH v. STATE OF FLORIDA

14 So. (2nd) 171 January Term, 1943
June 4, 1943 En Banc
Rehearing Denied July 9, 1943

*Jack Kehoe,* for appellant.

*J. Tom Watson,* Attorney General, and *Woodrow M. Melvin,* Assistant Attorney General, for appellee.

BUFORD, C. J.,:

This case is before us the second time. See State v. Taylor and State ex rel. Parrish v. Coleman, 151 Fla. 296, 9 So. (2nd) 708.

The law of the case was established by the majority opinion and the entry of the judgment in the cases, supra. The trial court was bound by the enunciations of this Court as set forth and promulgated in that opinion and judgment. See Harper Piano Co. v. Seaboard Airline Ry., 65 Fla. 490, 62 So. 482; Fidelity, etc., v. Aultman, 61 Fla. 198, 55 So. 273; Pervis v. Frink, 61 Fla. 712, 54 So. 862; Williams v. Phiel, 66 Fla. 192, 63 So. 658; Valdosta Mercantile Co. v. White, 56 Fla. 704, 47 So. 961; First Nat. Bank v. Ulmer, 66 Fla. 68, 63 So. 145; McKinnon v. Johnson, 57 Fla. 120, 48 So. 910; Sanders v. State, 82 Fla. 498, 90 So. 455; Fairlee v. Scott, 88 Fla. 229, 102 So. 247; Cooney-Eckstein Co. v. King, 69 Fla. 246, 67 So. 918; Commercial Bank v. First Nat. Bank, 80 Fla. 685, 87 So. 315; Doyle v. Wade, 23 Fla. 90, 1 So. 516, 11 Am. St. Rep. 334; Wilson v. Fridenberg, 21 Fla. 386; Tampa Water Works Co. v. Wood, (Fla.) 139 So. 800; Bryan v. Duncan, (Fla.) 143 So. 353; Palm Beach Estates v. Croker, (Fla) 143 So. 792. See also, Tampa Water Works Co. v. Tampa, 124 Fla. 932, 935.

The trial court followed the opinion and mandate of this Court and may not now be held in error in so doing.

The only question on this appeal is the identical question which was presented by the certified question of the trial court in the former proceeding here, viz.:

"Does a trial court have power to place on probation one adjudged guilty of second degree murder?"

We answered that question in the negative. The answer to this question involved the construction of Section 20, Chapter 20519, Acts of 1941, the pertinent part of which is as follows:

"Section 20. When Courts May Place Defendant on Probation. The Courts of the State of Florida having original jurisdiction of criminal actions, where the defendant in a criminal case has been found guilty upon verdict or plea,

except for an offense punishable by death or life imprisonment, may, at a time to be determined by the court, hear and determine the question of the probation of such defendant."

After further consideration of the provisions of the above quoted portion of the statute, the majority of the Court is not convinced that our holding in the opinion, supra, rendered on certified question is correct and it may be that upon the same question being presented in another case we would overrule the conclusion heretofore reached and may hold that the Circuit Court under this statute is precluded from exercising the power of probation only in those cases where the defendant has been found guilty upon verdict or plea of an offense which is punishable in the alternative by death or life imprisonment and is not precluded from exercising the power of probation in cases in which the penalty may be either life imprisonment or imprisonment for a less period of time.

We, therefore, take occasion now to announce that we shall not in the future be held to be bound by our opinion and judgment herein referred to heretofore entered in this cause but will reconsider our construction of this statute when a case is presented in which we are free to do so.

For the reasons stated, the judgment is affirmed.

So ordered.

TERRELL, ADAMS and SEBRING, JJ., concur.

THOMAS, J., agrees only to the judgment of affirmance.

BROWN, J., dissents to overruling the cited case but concurs in affirmance.

CHAPMAN, J., dissents.