State of Missouri ex rel. Clara Bromschwig, Relator, v. M. Hartman, One of the Judges of the Eighth Judicial Circuit, Presiding in Division No. 2, Circuit Court, City of St. Louis, Respondent.*

St. Louis Court of Appeals. Opinion filed January 10, 1928.

216

218

*Corpus Juris-Cyc. References: Corporations, 14aCJ, p. 992, n. 92, 93 New; p. 993, n. 96; p. 1016, n. 68, 69, 70; p. 1017, n. 79; p. 1018, n. 89, 92 New; p. 1037, n. 92-99 New; Estoppel, 21CJ, p. 1227, n. 42; Judgments, 34CJ, p. 505, n. 43 New; p. 1004, n. 60; Prohibition, 32Cyc, p. 599, n. 2, 3; p. 603, n. 24; p. 604, n. 32; p. 613, n. 99, 1; p. 614, n. 2; p. 617, n. 18, 19; p. 626, n. 72; Receivers, 34Cyc, p. 340, n. 49; p. 342, n. 58; p. 371, n. 73; p. 372, n. 83; p. 408, n. 57; p. 445, n. 33, 37, 38; p. 446, n. 42, 43; p. 447, n. 48, 49, 51.

*Wm. L. Bohnenkamp* for relatrix.

*James T. Roberts* of counsel.

*John T. Fitzsimmons* and *Thomas S. Meng* for respondent.

SUTTON, C.—In this proceeding relator, Clara Bromschwig, prays for a writ of prohibition directed to respondent, prohibiting him from further assuming or exercising jurisdiction or taking a further action with respect to certain proceedings pending in his court. Relator filed her petition in this court on June 27, 1927. This court issued its preliminary rule to show cause on July 13, 1927. Respondent filed his return to the writ on October 12, 1927. The cause has been submitted here on motion of relator for judgment on the pleadings.

The facts, as we gather them from the petition and return, and the exhibits filed therewith and made a part thereof, are as follows:

Frederick J. Remmers, a resident of the city of St. Louis, died testate on August 7, 1919. He appointed his widow, Wilhelmina Remmers, as executrix of his will, and she duly qualified as such. Before she completed the administration of the estate Wilhelmina Remmers died, and John Schmoll was appointed administrator, de bonis non cum testamento annexo, on January 10, 1923. John Schmoll, as such administrator, completed the administration and made final distribution of the assets, and was finally discharged as such administrator on July 15, 1922.

Frederick J. Remmers, by his will, made special bequests to Wilhelmina Remmers, to Clara Bromschwig, to Clara Bromschwig as trustee for Joseph Remmers, to Vincent Remmers, and to Eugene Remmers. Harry J. Remmers, who was an adopted son of Frederick J. Remmers, was not mentioned in the will, and he became entitled to a one-seventh part of the entire estate by inheritance. These special bequests consisted of shares of stock in three corporations, to-wit, F. J. Remmers Contracting and Building Company, Beredith Company, and Consolidated Building Company. During the administration partial liquidation of the assets of said corporations was made, and liquidating dividends were paid in cash to the executrix and administrator aforesaid, and these cash dividends were used, under order of the probate court, in payment of debts and the costs and expenses of administration. This was done with the consent

of the special legatees and Harry J. Remmers, under an agreement for reimbursement out of the residue of the estate, which was bequeathed to Wilhelmina Remmers and Clara Bromschwig in equal shares. The residue consisted solely of a claim against College Hill Press Brick Works, a corporation, in the nature of an account for moneys loaned or advanced to said corporation by the said Frederick J. Remmers, amounting to $27,132.75. Wilhelmina Remmers, as executrix of the will of Frederick J. Remmers, brought suit against College Hill Press Brick Works on this account in November, 1921, in the circuit court of the city of St. Louis. This suit was designated and known as cause No. 50,323-B. John Schmoll, as administrator, *de bonis non cum testamento annexo,* entered his appearance as a party plaintiff in said suit, and was substituted as plaintiff in the place and stead of said Wilhelmina Remmers, on January 10, 1922. Wilhelmina Remmers, by her last will, appointed Marion B. d'Arnoux as executrix of said will, and bequeathed all her interest in the claim of Frederick J. Remmers against College Hill Press Brick Works to Lizzie B. Speer, Marion B. d'Arnoux, Lee Bell, and Francis J. Tayman. In order to make final settlement of the estate of Frederick J. Remmers, the said claim against College Hill Press Brick Works was, under order of the probate court, assigned by John Schmoll as administrator *d. b. n. c. t. a.* of said estate in undivided interests, to Clara M. Bromschwig, three-sevenths, to Marion B. d'Arnoux as executrix of the will of Wilhelmina Remmers, three-sevenths, and to Harry J. Remmers, one-seventh, all subject to the claims of the special legatees under the will of Frederick J. Remmers, for reimbursement for the amount of their cash dividends used for the payment of debts and the costs and expenses of administration as aforesaid. In order to make final settlement of the estate of Wilhelmina Remmers, the said interest of her estate in said claim against College Hill Press Brick Works was assigned and transferred by Marion B. d'Arnoux as executrix under the will of Wilhelmina Remmers, under order of the probate court, to Thomas S. Meng to collect and hold the same for the benefit of said legatees under said will.

Afterwards, Harry J. Remmers, Clara Bromschwig, and Thomas S. Meng entered their appearance in said suit against College Hill Press Brick Works and were substituted as plaintiffs therein in the place and stead of John Schmoll, administrator as aforesaid. After the commencement of said suit against College Hill Press Brick Works, designated and known as cause No. 50,323-B, Harry J. Remmers and Vincent Remmers brought separate suits against said College Hill Press Brick Works and Thomas S. Meng, William H. Corcoran, Herman Bromschwig, Clara Bromschwig, and William A. Kinnerk, officers and directors of said College Hill Press Brick Works, in the circuit court of the city of St. Louis,

praying the appointment of a receiver for said College Hill Press Brick Works. These suits were afterwards consolidated, and were designated and known as consolidated cause No. 60,006-B. Upon the hearing of this consolidated cause, at the April term, 1923, of said circuit court, D. J. Schmoll was duly appointed as receiver for said College Hill Press Brick Works and duly qualified and took charge of the assets of said corporation as such receiver. On May 27, 1924, a supplemental decree was rendered in said cause, adjudging a dissolution of said corporation, pursuant to a resolution adopted by a majority of the stockholders thereof, and investing D. J. Schmoll as receiver, with the powers and duties of a statutory liquidating trustee of the assets and affairs of said corporation, subject to the supervision and direction of the court. All of the stockholders of the said corporation, including Vincent Remmers, Eugene Remmers, Clara Bromschwig, and Clara Bromschwig, trustee for Joseph Remmers, were parties to and appeared in said proceeding and consented to said decree. Afterwards said D. J. Schmoll as receiver entered his appearance as a party defendant in cause No. 50,323-B, and the cause thereafter proceeded under the style of Harry J. Remmers, Clara Bromschwig, and Thomas S. Meng, plaintiffs, v. College Hill Press Brick Works, a corporation, and D. J. Schmoll, receiver, defendants. The plaintiffs in said cause filed an amended petition, the cause was tried, and the following judgment was entered therein on December 29, 1926:

"This cause having been tried by the Court on the 13th day of April, 1926, and having been on said last-mentioned date by the parties hereto submitted to the court upon the pleadings, evidence and proof then and theretofore adduced and having been taken under advisement, and the court now being fully advised of and concerning the premises, doth find in favor of the plaintiffs and against the defendant, College Hill Press Brick Works, a corporation, in the hands of D. J. Schmoll, Receiver, for the principal sum of $20,-217.38, with interest at the rate of six per cent per annum from the 18th day of November, 1921, amounting to the sum of $6,204.99, aggregating the sum of $26,417.35. Wherefore, it is considered, adjudged and decreed by the court that plaintiffs have and recover of the property and effects of the College Hill Press Brick Works, a corporation, in the hands of D. J. Schmoll, as Receiver, an aggregate sum of $26,417.35, together with the costs of this suit."

On October 1, 1924, the court made an order in said consolidated cause No. 60,006-B for the filing of claims by creditors of said corporation, requiring all creditors to file their claims on or before November 3, 1924. Pursuant to said order the plaintiffs in said cause No. 50,323-B filed with the receiver as a claim against said corporation a verified copy of the amended petition filed in said cause No. 50,323-B.

The said amended petition filed in said cause No. 50,323-B contains, among other allegations, the following:

"By the will of said Frederick J. Remmers, the residue of his estate was devised and bequeathed to his widow, Wilhelmina Rem-,mers, and his daughter, Clara Bromschwig, in equal parts. The indebtedness hereinafter referred to as owing by College Hill Press Brick Works to said F. J. Remmers was not specifically disposed of by his will, and such portion of the same as was not required for the payment of costs and expenses of administration passed under the residuary clause of said will. Harry J. Remmers, who was adjudged to be an adopted son of said F. J. Remmers, was not mentioned nor provided for in his will, whereby he became entitled to a one-seventh part of all the estate of said F. J. Remmers, including the residue thereof.

"The assets of the estate of said F. J. Remmers, not specifically devised or bequeathed, other than the indebtedness from College Hill Press Brick Works, were insufficient to pay the costs and expenses of administration. As nothing could be immediately realized on said indebtedness from College Hill Press Brick Works, the dividends on certain shares of stock specifically bequeathed by said F. J. Remmers were used for the payment of costs and expenses of administration, with the agreement between all the parties that out of whatever amount should be realized and collected on said claim against College Hill Press Brick Works, said specific legatees should first be reimbursed for the amount of their said dividends, so used for costs and expenses of administration, and that the remainder thereof should be retained by the residuary legatees. In pursuance of said agreement and in order that final settlement might be made of the estate of F. J. Remmers, it was agreed that said claim against College Hill Press Brick Works should be assigned by the administrator of the estate of F. J. Remmers, in undivided interests, to the following persons: Clara M. Bromschwig, three-sevenths; Marion B. d'Arnoux, administratrix of Wilhelmina Remmers, three-sevenths; Harry Remmers, one-seventh; all subject to the claim of specific legatees for reimbursement as aforesaid.

"In June, 1922, in pursuance of said agreement of the parties as to the final settlement of said estate, said John Schmoll, as administrator of the estate of said F. J. Remmers, acting under order of the Probate Court, assigned and transferred the account, claim and cause of action sued on herein in undivided interests as follows: To plaintiff Clara Bromschwig three-sevenths; to plaintiff Harry Remmers one-seventh; to Marion B. d'Arnoux, administratrix of Wilhelmina Remmers, three-sevenths.

"The said undivided three-sevenths interest so transferred to the administratrix of Wilhelmina Remmers constituted part of the residuary estate of said Wilhelmina Remmers, which estate was ad-

ministered in the Probate Court of the city of St. Louis. By the will of Wilhelmina Remmers her residuary estate was devised and bequeathed to the following persons: To Lizzie B. Speer, one-half; to Marion B. d'Arnoux, one-sixth; to Lee Bell, one-sixth; to Francis J. Tayman, one-sixth.

"In order to make final settlement of the estate of said Wilhelmina Remmers said interest of her estate in said claim against College Hill Press Brick Works was assigned and transferred by the administratrix of said estate, under order of the Probate Court, to plaintiff Thomas S. Meng, to hold and collect the same for the benefit of the said residuary legatees under will of Wilhelmina Remmers, their interests therein being as hereinbefore set out, and plaintiff Thomas S. Meng is now the owner and holder of the share in said claim and indebtedness formerly belonging to the estate of Wilhelmina Remmers.

"By reason of all of which plaintiffs Harry Remmers, Clara Bromschwig and Thomas S. Meng became and are the owners and holders of said indebtedness and claim against College Hill Press Brick Works, and have succeeded to the interest held by Wilhelmina Remmers, as executrix of F. J. Remmers at the time of the institution of this suit, and are entitled to prosecute this suit as parties plaintiff, and have heretofore entered their appearance herein and have been substituted as parties plaintiff herein."

On June 9, 1927, Clara Bromschwig filed in said cause No. 60,006-B, a motion praying for an order directing the receiver to pay the judgment rendered in said cause No. 50,323-B, which said motion is in substance as follows:

"Now comes Clara Bromschwig and represents to the Court that she is a party plaintiff in cause No. 50,323-B, entitled Harry J. Remmers, Clara Bromschwig, and Thomas S. Meng, plaintiffs, v. College Hill Press Brick Works, a corporation, and D. J. Schmoll, receiver, defendants, and that on the 29th day of December, 1926, a judgment was rendered therein in favor of the plaintiffs in said cause by his Honor, Judge John W. Calhoun, in the sum of $26,417.-35; that the aforesaid judgment is now a final judgment and should be paid, together with interest thereon which has accrued from December 29, 1926, to the present date; that she is entitled to a three-sevenths interest in said judgment and that Thomas S. Meng is entitled to a three-sevenths interest therein and that Harry Remmers is entitled to a one-seventh interest therein, and that therefore the exact amounts due each of the foregoing plaintiffs is as follows:

"To Harry Remmers $3,773.91 and interest thereon from December 29, 1926, to date of payment.

"To Clara Bromschwig $11,321.72 and interest thereon from December 29, 1926, to date of payment.

"To Thomas S. Meng $11,321.72 and interest thereon from December 29, 1926, to date of payment.

"That the foregoing amounts are now due and payable on the part of the Receiver to the aforesaid parties in the aforesaid amounts.

"Wherefore, an order is prayed for herein directing the Receiver to pay in full satisfaction of said judgment to the aforesaid parties in the aforesaid amounts."

On June 17, 1927, Harry J. Remmers and Thomas S. Meng filed a motion in said cause No. 60,006-B for an order directing the receiver to pay the claim represented by the judgment rendered in said cause No. 50,323-B. Like motions were filed by Eugene Remmers and Vincent Remmers. In these motions the facts are alleged in detail relative to the assignment of the claim of Frederick J. Remmers against the College Hill Press Brick Works and the agreement for reimbursement of the special legatees under the will of Frederick J. Remmers out of the proceeds of said claim for cash dividends used in the payment of debts and the costs and expenses of administration of the estate of said Frederick J. Remmers; and it is alleged that the cash dividends so used amount to $17,946.86, and an order is prayed directing the receiver to pay out of the funds in his hands the claim of $26,417.35 represented by said judgment rendered in said cause No. 50,323-B, as follows: (1) To Thomas S. Meng, as assignee of the share of Wilhelmina Remmers, $4,203.17, (2) to Clara Bromschwig $3,019.88, (3) to Clara Bromschwig, trustee for Joseph Remmers $1,302.88, (4) to Vincent Remmers $1,302.88, (5) to Eugene Remmers $1,302.88, (6) to Harry J. Remmers $1,855.78, and (7) to Harry J. Remmers 1/7, to Clara Bromschwig 3/7, and to Thomas S. Meng 3/7, of the balance. Afterwards, Clara Bromschwig filed in said cause No. 60,006-B motions to strike from the files the motions filed therein by Harry J. Remmers, Thomas S. Meng, Eugene Remmers, and Vincent Remmers, on the ground that the court was without jurisdiction in said cause to hear and determine the matters sought to be litigated by said motions of said Harry J. Remmers, Thomas S. Meng, Eugene Remmers, and Vincent Remmers, which motions to strike the court overruled.

It seems that all these proceedings were had in Division No. 2 of said circuit court. Judge JOHN W. CALHOUN was presiding in said division at the time the judgment in said cause No. 50,323-B was rendered. Judge MOSES HARTMAN, respondent herein, was presiding in said division at the time the proceedings were had in said cause No. 60,006-B, relative to the motions of Harry J. Remmers, Thomas S. Meng, Eugene Remmers, and Vincent Remmers filed therein. It is to prohibit respondent from further assuming or exercising jurisdiction with respect to these motions that this proceeding is brought here and the preliminary rule of this court issued.

Prohibition is a common-law writ of ancient origin. The purpose of the writ is to prevent an inferior court from assuming jurisdiction with which it is not legally vested, in cases where wrong, damage, and injustice are likely to follow from such action. It does not lie as a rule for grievances which may be redressed in the ordinary course of judicial proceedings, by other remedies provided by law. It is to be used with great caution and forbearance for the furtherance of justice and to secure order and regularity in judicial proceedings, and should be used only in cases of extreme necessity. Nor will it ordinarily issue in a doubtful case. In a proper case, however, the use of it should be upheld and encouraged as it is important to the due and regular administration of justice that each court should confine itself to the exercise of those powers with which under the Constitution and laws of the State it has been intrusted. The writ is proper not only in cases where the inferior court has no legal authority to act at all, but also in cases wherein such inferior court, although having general jurisdiction over a particular class of cases, has exceeded such jurisdiction in the particular case. The writ may go to confine a court within the limits of its jurisdiction, whether such court has no jurisdiction at all, or is exercising powers in excess of its jurisdiction. Where, however, the inferior court has jurisdiction of both the subject-matter and of the person, prohibition will not lie to correct errors of law or fact for which there is an adequate remedy by appeal or otherwise, whether or not such errors are merely apprehended or have been actually committed. The fact that a demurrer will lie to a petition in a case where the inferior court has jurisdiction of the general class of cases to which the particular case belongs, is no ground for the issuance of a writ of prohibition. In such case, the power to determine whether or not the petition states a cause of action is within the jurisdiction of such inferior court. Such court has the power to determine this question erroneously, if it will. A writ of prohibition will not go either to prevent or correct such error. The aggrieved party has his remedy by appeal when in due course final judgment is reached. [State ex rel. Terminal R. Ass'n v. Tracy, 237 Mo. 109, 140 S. W. 888; Crittenden v. Booneville, 92 Miss. 277; Walcott v. Wells, 21 Nev. 47; Bell v. First Judicial District Court, 28 Nev. 280; People v. Wyatt, 186 N. Y. 383; Holly Shelter R. Co. v. Newton, 133 N. C. 136; State v. District Court, 17 N. Dak. 285; State ex rel. Kochtitzky v. Riley, 203 Mo. 175, 101 S. W. 567; State ex rel. Abel v. Gates, 190 Mo. 540, 89 S. W. 881; State ex rel. Fenn v. McQuillin, 256 Mo. 693, 165 S. W. 713.]

When a court of equity has appointed a receiver and placed him in charge of the assets of a corporation, the receiver thereafter holds such assets subject to the order of the court. The assets are

in the custody of the court, and may be lawfully paid out or disbursed only upon the order of the court. Claims of creditors may be established by separate suits against the receiver, or may be presented for allowance to the court in the action in which the receiver was appointed if the court shall so direct. When the court in which the receivership is pending calls upon creditors to come in and prove their claims, this is a substitute for separate suits on such claims. In the absence of any special statutory practice on the subject, it is no part of the receiver's duty to report claims to the court for allowance, but such duty devolves upon the creditors themselves, and the time within which any and all claims may be presented is to be determined by the court. Where on application of the receiver an order is granted for the publication of notice to creditors, and notice is duly published, claims not exhibited within the time specified in the notice are precluded from sharing in the assets, where there has been in the meantime a final distribution of the assets in the hands of the receiver based upon claims proven. If a reasonable excuse for delaying to make an earlier claim is shown, the court may in its discretion permit a creditor to come in and prove his claim at any time before actual distribution, or even after partial payments, if there is a surplus in the hands of the receiver, so as not to interfere with payments already made. In general, no discretion is allowed a receiver as to any application or distribution of the funds in his possession, but, as already said, he holds them subject to the order of the court, and to be paid to whom the court shall adjudge. On proper application, notice to the parties, and proof, the court will award money in the hands of a receiver to the party entitled thereto. The assets in the hands of a receiver should be collected and converted into money for equitable distribution among all the creditors who shall seasonably come into the proceedings and establish their demands by satisfactory proof. As a general rule, until a receiver has accounted for the receipt and disbursements of money by him, no order by the court should be made for distribution thereof. The fund arising from all sources should be held under the direction of the court until the court shall upon final hearing direct its application to be made. Where a creditor might have prosecuted his claim in the action in which the receiver was appointed, but instead institutes a separate action, it is not error to order a distribution of the funds in the hands of a receiver before such creditor's separate suit is decided. Judgment against a receiver in his official capacity rendered in a separate suit ordinarily has no greater effect than to establish the existence and amount of liability. It is conclusive as to the existence and amount of plaintiff's claim, and binds the receiver and all persons represented, but the time and manner of its payment are to be controlled by the court appointing the receiver. Actions against a receiver are

228

in law actions against the receivership, or the funds in the hands of the receiver, and judgments against him as receiver are payable only from the funds in his hands, or that may remain subject to the jurisdiction and direction of the court that appointed him. Whether he has in his possession or under his control assets sufficient to satisfy a judgment is for the determination of that court. Proceedings in a separate suit against a receiver must stop short of the enforcement of any judgment therein by interference with the assets in the hands of the receiver, or with the right of the court to dispose of them in the exercise of its prior jurisdiction. Execution cannot properly issue, but payment may be enforced only by application to and order of the court in possession of the assets, upon which court it devolves to adjust all the equities and to determine the time and manner of payment. [34 Cyc. 340, 342, 371, 372, 445, 446, and 447.]

The judgment involved in this case was not rendered as an allowance against the receiver in the cause in which the receiver was appointed, to-wit, cause No. 60,006-B, but was rendered in a separate suit, to-wit, cause No. 50,323-B. By the various motions for the payment of the judgment, filed in cause No. 60,006-B, the judgment has been brought into that cause as evidence of the existence and amount of the claim of the judgment plaintiffs against the receiver, and as a basis for an order on the receiver for the distribution of funds in his hands and in the custody of the court. The jurisdiction of the court over the funds, and the power of the court to order the distribution of the funds to the persons entitled thereto, is beyond question. It is a corollary to this that the court has power to determine the persons entitled to the funds and the amount each is entitled to receive. The judgment is conclusive evidence as to the amount of the claim of the judgment plaintiffs against the receiver. The judgment on its face according to its strict letter evidences a liability on the part of the receiver to the judgment plaintiffs jointly for the sum of $26,417.35. This means that each of the plaintiffs is entitled under the judgment to a one-third part of said sum. Is the judgment conclusive in this respect as between these co-parties? The relator does not seem to think so, for she filed her motion asking the court to order the judgment paid, out of any funds available in the hands of the receiver, in the proportion of three-sevenths to herself, three-sevenths to Thomas S. Meng, and one-seventh to Harry J. Remmers. She is asking the court to distribute the funds according to her view as to the actual interests of the parties therein, as shown by the amended petition upon which the judgment was rendered, in disregard of the strict letter of the judgment. Thomas S. Meng and Harry J. Remmers, two of the judgment plaintiffs, filed their motions asking the court to distribute the funds according to the actual interests of the parties therein, as shown by the amended

petition and the facts set up in the motions. They ask the court to distribute the funds in the proportion of three-sevenths to Clara Bromschwig, three-sevenths to Thomas S. M[eng, and one-seventh to Harry J. Remmers, after payment out of the funds the amount thereof equitably belonging to Thomas S. Meng as assignee of share of Wilhelmina Remmers, to Clara Bromschwig, to Clara Bromschwig as trustee for Joseph Remmers, to Vincent Remmers, to Eugene Remmers, and to Harry J. Remmers, to reimburse them for cash dividends used in the payment of debts and costs and expenses of administration in accordance with the agreement of the parties. Eugene Remmers and Vincent Remmers by their motions ask for the same sort of distribution. Is the judgment, properly construed, conclusive against an order of distribution in accordance with the prayers of these motions? This is a question not before us for decision, and we express no opinion about it. It is a question of law, the determination of which, we are convinced, is properly in the power and jurisdiction of the court in which the motions are pending. We think the court in proceedings on motions, such as these, for an order of distribution, would have no power or jurisdiction to set aside or vacate the judgment, or to in any way assail its integrity, except perchance it should appear for some reason to be void. But surely the court has power in the proper exercise of its jurisdiction over the funds in its custody, when called upon to order a distribution thereof, to construe the judgment and determine its operation and effect and the rights of the parties thereunder with respect to such funds. If in so doing the court acts erroneously, the aggrieved parties have their remedy by appeal. We do not say that the facts as set up in these motions, if true, make a case warranting the distribution of the funds as prayed for therein. We express no opinion about it. But we do say that it has not been made manifest here that these motions are wholly without the jurisdiction of respondent, or that he has acted or will act in excess of his jurisdiction with respect thereto.

The relator objects here that the exhibits filed with the pleadings constitute no part of the pleadings, and that such exhibits are not properly to be considered in connection with the motion for judgment on the pleadings. Relator has filed with her petition in this court a copy of the judgment in cause No. 50,323-B, the motions of Eugene Remmers, Vincent Remmers, Harry J. Remmers, and Thomas S. Meng, filed in cause No. 60;006-B, for order on the receiver for the payment of said judgment, and the motions of relator to strike from the files said motions for an order for payment of said judgment, which are by express reference "made a part of the petition as fully as if copied into the body thereof." Relator did not, however, file with her petition here the motion filed by her in said ᵛause No. 60,006-B, for an order on the receiver for the payment

of said judgment. Nor did she file with her petition here the amended petition on which said judgment was rendered. The respondent has brought these papers here and filed them with his return, and has undertaken by express reference to make them a part of his return. The relator ought not be heard to object to the adoption by respondent of the same method of pleading adopted by the relator. Under the circumstances, we think it is fitting and proper that this court should consider all the exhibits filed here by the parties with their pleadings, so far as they may be material, but whether they be so considered or not, the result must be the same, for the relator has not set out in her petition, *in haec verba*, or in substance, the motions in question, but has undertaken to make them a part of her petition by reference only. Surely this court would not be expected to exercise the high prerogative of issuing the extraordinary writ prayed for, without having before it, *in haec verba*, or in substance, the motions concerning which the respondent's jurisdiction is questioned.

We are of the opinion that the preliminary rule issued herein should be discharged and the peremptory writ denied. The Commissioner so recommends.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The preliminary rule issued herein is accordingly discharged and the peremptory writ denied. *Daues, P. J.*, and *Becker* and *Nipper, JJ.*, concur.