Walter Wood, Complainant, First National Bank of Tampa and Curtis L. Sparkman, Executors of the Last Will and Testament of Seven M. Sparkman, *et al.*, v. Provident Trust Co. of Philadelphia, Surviving Trustee Under the Will of Stuart Wood, and Executor Under the Will of Edward R. Wood, Jr., etc.

152 So. 186.
Division A.
Opinion Filed December 18, 1933.
Rehearing Denied January 26, 1934.

*Mabry, Reaves, Carlton & White,* for Appellants; *Knight, Thompson & Turner,* for Appellee.

ELLIS, J.—The question presented in this case is whether the receiver of a corporation, with a large fund in his hands belonging to the corporation for distribution among its stockholders, may contest the claim of the personal representatives of a non-resident stockholder for payment of such stockholder's distributive share of the fund based upon the number of shares of the capital stock of the corporation owned by such stockholder upon the ground that the stockholder had monies and properties in his hands at the time of his decease and which are now in the hands of his legal representatives making claim for such stockholder's distributive share, which in value are equal to or exceed the value of such stockholder's distributive share of the fund where neither such non-resident stockholder nor his legal representative was a party to the suit resulting in the appointment of a receiver.

The non-resident stockholder was named Stuart Wood. He was president and manager of the corporation and while acting in that official capacity acquired the properties and monies belonging to the corporation for which he was indebted to it, and which are now held by his legal representative making claim for the distributive share of the fund in the receiver's hands.

Another stockholder, named Walter Wood, by appropriate proceedings against the corporation procured an order for the dissolution of the corporation and the appointment of a

receiver who was directed to collect from the estate of Stuart Wood the sums of money due to the corporation which he had obtained by his fraudulent management, close the affairs of the corporation and distribute its property and assets among its stockholders.

This conclusion was reached after a demurrer to the bill of complaint interposed by the corporation was overruled, and answer to the bill made by it and testimony on the merits. See Tampa Water Works Co. v. Wood, 97 Fla. 493, 121 South. Rep. 789; Tampa Water Works Co. v. Wood, 104 Fla. 306, 139 South. Rep. 800.

The decree entered by the chancellor finding the equities of the cause to be with the complainant contained the following language:

"It is the duty of the Court to, and the Court does hereby, take charge of the affairs of the Tampa Water Works Company, a corporation, defendant, for the purpose of winding up and liquidating the same.

"In the process of winding up the affairs of the said corporation it is the duty of the Court to truly and equitably distribute the assets of the corporation amongst its stockholders according to their just rights.

"It is ordered that the receiver of this Court employ counsel and institute such legal proceedings in such jurisdiction or jurisdictions as may be found necessary to accomplish an accounting between the representatives of the estate of Stuart Wood and the corporation, and to recover from the corporation such sums as may be found to be justly due it by the estate of the said Stuart Wood and the representatives of said estate.

"It is further ordered that further and supplemental proceedings may be had in this cause, or other suits instituted

in this jurisdiction, to accomplish the ends of this decree if found necessary or proper."

In the proceedings the Chancellor entered an order reciting that there was a large sum of money in the receiver's hands and directing him to publish notice calling upon creditors and stockholders of the corporation "and all persons having or claiming the right to share in the distribution of the funds" to present and file their duly verified claim with the clerk of the court and furnish a copy to the receiver and "that all stockholders be required also to surrender to and deposit with said receiver their certificates of stock." All stockholders filed their claims and deposited their certificates of stock. The claim in behalf of the estate of Stuart Wood was filed by the Provident Trust Company of Philadelphia, Pennsylvania, in the following words:

"In the Circuit Court in and for Hillsborough County, Florida, in Chancery.

"Walter Wood, Complainant, v. Tampa Water Works Company, a Corporation, Defendant. No. 29120.

"Proof of claim of Provident Trust Company of Philadelphia, surviving trustee under the will of Stuart Wood, deceased, and/or Provident Trust Company of Philadelphia, executor under the will of or on behalf of, Edward R. Wood, Jr., deceased, remaining executor under *the will of Stuart Wood, deceased, a stockholder.*

"And Now, to-wit, this 17th day of January, A. D. 1933, at Philadelphia in the Eastern District of Pennsylvania comes the Provident Trust Company of Philadelphia, by Carl W. Fenninger, its Vice President, Surviving Trustee under the Will of Stuart Wood, deceased, and/or Executor under the Will of or on behalf of, Edward R. Wood, Jr., deceased, Remaining Executor under the Will of said Stuart Wood, deceased, and, without waiving its right to

question the jurisdiction of your Honorable Court in the premises and reserving to itself all right of exception, objection and appeal, pursuant to Decree of Hon. F. M. Robles, dated November 17, 1932, files this, its Claim, as a stockholder of the Tampa Water Works Company and says:

"1. That deponent is Vice President of the Provident Trust Company of Philadelphia.

"2. That the Provident Trust Company of Philadelphia is the surviving Trustee under the Will of Stuart Wood, deceased, and is also Executor under the Will of Edward R. Wood, Jr., deceased, the said Edward R. Wood, Jr., being the Remaining Executor under the Will of said Stuart Wood, dec'd.

"3. That deponent is familiar with the facts herein set forth and is authorized to make this affidavit and Proof of Claim for and on behalf of the said Provident Trust Company of Philadelphia.

"4. That the said Stuart Wood, at the time of his death, held and was the owner in his own right of certain stock of the Tampa Water Works Company, defendant in the above entitled cause, and the Provident Trust Company of Philadelphia, Surviving Trustee under the Will of said Stuart Wood, deceased, and/or as Executor under the Will of or on behalf of Edward R. Wood, Jr., deceased, Remaining Executor under the Will of Stuart Wood, deceased, holds 23 certificates for 2395 shares of stock of the said Tampa Water Works Company, all of which said stock of the said Tampa Water Works Company is the property of and constitutes part of the assets of the estate of Stuart Wood, deceased; that attached hereto, marked 'Exhibit A,' and made a part of this Proof of Claim with the same force and effect as though said certificates of stock were herein copied in full, is a list of the certificates of stock of the

said Tampa Water Works Company owned by the Estate of the said Stuart Wood, deceased.

"5. That all of the said stock of the Tampa Water Works Company herein referred to and claimed was purchased and paid for by the said Stuart Wood and/or the Estate of Stuart Wood, dec'd, and is the property and belongs to the said Estate.

"6. That the Provident Trust Company of Philadelphia in its capacities as aforesaid is entitled to have and receive and claims from the Receiver of the Tampa Water Works Company, the same percentage of the assets of the Tampa Water Works Company as the stock of the Company owned by the Estate of Stuart Wood, deceased, to-wit, 2395 shares, bears to the total outstanding stock of the Company, to-wit, 4247 shares.

"7. That this verified Proof of Claim of the Estate of Stuart Wood, deceased, is filed with Hon. W. A. Dickenson, Clerk of the Circuit Court in and for Hillsborough County, Florida; and a duly verified copy of said Proof of Claim is filed with L. D. McGregor, Esq., Receiver of the Tampa Water Works Company, and the original certificates of stock of the Tampa Water Works Company owned by the Estate of Stuart Wood, deceased, and herein referred to and listed in full, are deposited with L. D. McGregor, Esq., Receiver of the Tampa Water Works Company, pursuant to Decree of Hon. F. N. Robles, Judge of said Court, dated November 17, 1932.

> "PROVIDENT TRUST COMPANY
> "By CARL W. FENNINGER, *Vice President."*

On February 8, 1933, the receiver interposed a contest of the claim filed in behalf of the estate of Stuart Wood, in which he alleged in substance that the assets of the corporation in his hands amounted to $192,191.53 and there

were additional assets in ·Philadelphia which he expected shortly to reduce to possession amounting to $16,707.11, making a total of $208,898.64, out of which certain costs and expenses of the receivership and complainant's costs will have to be paid, which will reduce the amount on hand by several thousand dollars.

The document contains a re-averment of all the allegations of the bill of complaint and made the same by reference a part of the "contest." It alleged that Stuart Wood during his lifetime and particularly his personal representative since his death obtained money and property of the Tampa Water Works Company of the amount and value of $281,112.00, consisting for the most part of the proceeds of lands which Stuart Wood held in trust for the Tampa Water Works Company, which lands have been sold by Stuart Wood's personal representatives and the proceeds converted to the use of his estate; that such money which should be paid over to the receiver far exceeds the distributive share of the claimant and that the trust company claimant is not entitled to participate as a stockholder in the distribution of the assets of the corporation until the claimant accounts to the receiver for the money and properties of the water company so converted by Wood in his lifetime and his representatives since his death.

The receiver prayed that the contest be allowed and that it be adjudged by the court that the claimant is indebted to the receiver in a sum equal to or in excess of the distributive share of the claimant; that the amount of such indebtedness be determined and the receiver be allowed to retain the dividends due the claimant and apply them in reduction *pro tanto* of the larger amount due by the claimant.

Four months after the filing of the contest the solicitors

for the receiver and the claimant Provident Trust Company entered into the following stipulation:

"IN THE CIRCUIT COURT IN AND FOR HILLSBOROUGH COUNTY, FLORIDA, IN CHANCERY:

"WALTER WOOD, Complainant, v. TAMPA WATER WORKS COMPANY, Defendant.

"STIPULATION.

"In the foregoing cause, it is stipulated and agreed, subject to the right of either party to except on the ground of immateriality, as follows:

"1. That the personal representatives of Stuart Wood realized for said estate as net profits upon the sale of the lands referred to in the record in this cause as 'Lake,' 'River,' 'Beckwith,' 'Van Water,' 'Crilly,' 'Morrison,' and 'Unidentified,' the sum of $155,246.89; and that the net interest to said estate upon said sum, chargeable at 6% per annum to February 28, 1933, totals $65,575.86.

"2. That the personal representatives of Stuart Wood realized for said estate as net profits upon the sale of property referred to in the record in this cause as the 'office,' the sum of $132,747.61; and that the net interest to said estate upon said sum, chargeable at 6% per annum to February 28, 1933, totals $45,241.20.

"3. Under the will of Stuart Wood, deceased, the Provident Trust Company of Philadelphia and Edward R. Wood, Jr., were appointed executors and trustees and the custody of all securities and papers committed to the Provident Trust Company of Philadelphia. Edward R. Wood, Jr., has since died, leaving the said Provident Trust Company of Philadelphia as sole trustee. Under the said Will of Stuart Wood, deceased, his stock in the Tampa Water Works Company passed, under the residuary clause, to the Provident Trust Company of Philadelphia and Edward R. Wood,

Jr., in trust for purposes therein designated; and the owners of all of the stock in the said company, with the number of shares owned by each, at this time are as follows:

"By Walter Wood, of Philadelphia, Pennsylvania _____ 1816 shares

"By Provident Trust Company, of Philadelphia, Pennsylvania, surviving trustee under the Will of Stuart Wood, deceased, and Executor under the Will by Edward R. Wood, Jr., deceased, being the remaining executors under the Will of the said Stuart Wood, deceased____ 2395 shares

"By First National Bank of Tampa, and Curtis L. Sparkman, as executors of the Last Will and Testament of Steven M. Sparkman, deceased _____ 18 shares

"Estate of G. B. Sparkman _____ 18 shares

"The said Will of Stuart Wood was duly probated in Pennsylvania, and was, long before this action was brought, admitted to record in the County Judge's Court of Hillsborough County, Florida, and appears of record in said court in Foreign Wills "E," Page 519.

"4. All questions involved between the parties hereto, to-wit, the receiver and the Provident Trust Company of Philadelphia, surviving Trustee, etc., shall be tried and determined by the court upon the evidence heretofore submitted in said chancery cause, Number 29130, wherein Walter Wood is complainant and Tampa Water Works Company is defendant, and upon the pleadings between said parties, if and so far as said pleadings may be or become pertinent, and the pleadings filed by the parties hereto and this stipulation.

"5. This stipulation is agreed to be without prejudice to

the rights and privileges of the Provident Trust Company of Philadelphia to object, if it shall be so advised, to the jurisdiction of the court to determine and adjudicate the rights and claims asserted by the receiver against it.

"Dated at Tampa, Florida, this the 5th day of June, A .D. 1933.

> "KARL G. KIRSCH,
> "O. K. REAVES,
> "*Attorneys for the Receiver, L. D. McGregor.*
> "A. G. TURNER,
> "*Attorneys for Provident Trust Company of Philadelphia, surviving trustee under the will of Stuart Wood, deceased, and/or Provident Trust Company of Philadelphia, executor under the will of or on behalf of, Edward R. Wood, Jr., deceased.*"

On August 3, 1933, the chancellor entered an order reciting that "This matter is brought to the attention" of the court "on proof of claim of Provident Trust Company of Philadelphia" and "contest of such claim by the Receiver, together with a stipulation of facts signed by Attorneys for the parties" and denied and overruled the "contest of claim."

The reasons given by the chancellor for the conclusion reached by him were: that the receiver would be compelled to enforce his claim in a proper action against the surviving trustee (which is the Provident Trust Company) under the will of Stuart Wood or executor under the will of Edward R. Wood, Jr. The third paragraph of the order is set out here in full, that the thought of the chancellor which may have led him to the conclusion reached may be understood and considered, if the propositions announced indeed have any relation to the conclusion. The paragraph is as follows:

"I am of the further opinion that this Court under its

equitable powers has the right and should hold all portions of the fund to which the surviving trustee under the will of Stuart Wood, deceased, and/or executor under the will of or on behalf of Edward R. Wood, Jr., deceased, is entitled to as stockholder until the final disposition of a suit between the receiver and such surviving trustee under the will of Stuart Wood, deceased, and/or executor under the will of or on behalf of Edward R. Wood, Jr., deceased. If I am incorrect in the foregoing disposition of the 'contest of claim' made by the pleadings above mentioned, I am of the opinion that this Court is precluded by the decision of the Supreme Court heretofore rendered in this cause from examining the evidence with the view of determining whether or not the Tampa Water Works Company or Walter Wood are guilty of such laches as to prevent a recovery against the surviving trustee under the will of Stuart Wood, deceased, and/or executor under the will of or on behalf of Edward R. Wood, Jr., deceased, or that the evidence is insufficient to warrant such recovery, and the 'contest of claim' should be allowed."

If the chancery court had power to investigate the merits of the receiver's contest and determine the amount due by the claimant to the receiver, or if it had the power to order the receiver to hold in his possession the distributive share of the complainant until an appropriate suit between the receiver and complainant involving the merits of the receiver's contest is finally determined, then the order was wrong unless the chancellor was precluded by the decision of this Court in this cause heretofore rendered from examining the evidence to determine whether a recovery by the receiver should be made and the contest allowed.

Nothing contained in the decisions of this Court either in the first or second case precludes the chancellor from

proceeding to hear the contest on its merits or from making an order to hold the distributive share of the claimant trustee for Stuart Wood until the question of his liability or that of the estate of Stuart Wood to the corporation can be determined. The first appeal was from an order overruling a demurrer to the bill of complaint. The Court decided that the allegations of the bill were sufficient to support the relief prayed for by complainant. The basis of the equity is set forth in the opinion. The second appeal was from a decree on the merits holding that the court should "take charge of the affairs of the corporation for the purpose of administering the same and distributing the assets amongst the stockholders according to their rights." To that end a receiver was appointed and empowered to institute such proceedings as may be necessary to obtain an accounting between the estate of Stuart Wood and the corporation, to recover such sums as may be justly due to it and employ counsel; that the money brought into the jurisdiction of the court under stipulation of counsel should remain on deposit in a certain bank named in the decree, and the court reserved jurisdiction of the cause for such further proceedings as might be necessary.

In the second appeal the question of laches was definitely disposed of in favor of the complainant. In the circumstances of the case it is impossible to perceive that laches could be invoked by Stuart Wood's legal representative against the corporation for not proceeding against him or his representative when he or they were in control and management of the corporation which could not move except through them and by their consent, and when the object to be attained was the surrender to the corporation of money and property of which they had despoiled it.

The decree of the Court authorizing the receiver to in-

stitute such proceedings as may be necessary to obtain an accounting between the estate of Stuart Wood and the corporation to recover such sums as may be due to it was not the equivalent of a direct order to the receiver to do so, nor a determination that the court which retained jurisdiction of the cause for such further proceeding as might be necessary had no power to determine a controversy arising between the receiver and stockholder as to the amount of the latter's distributive share of the assets on hand. Suppose the receiver should contend that the claimant was not the owner of the number of shares claimed to be owned by him upon which he asked for distribution; or that he had in his possession money and property of the corporation which he had not delivered to the receiver? Could it be reasonably contended that the Court, which had directed its receiver to collect the corporation's assets and distribute them to the shareholders and retained jurisdiction expressly for the purpose of making such orders as might be necessary to that end, had no power to determine the controversy upon the ground that the claimant was not an original party to the suit? That is the contention made in this case by appellee upon which he bases a motion to dismiss the appeal.

Solicitors for the appellant receiver say that the receiver does not seek in this proceeding to compel the stockholder to bring into court and deposit with the receiver the overplus which the receiver claims that the stockholder has in his hands over the amount of his distributive share of the funds in hand, but that he may appropriate that which is in his hands to the payment so far as it will go of the amount which the claimant has in his hands belonging to the corporation.

Now the receiver appointed by the court appealed in this case from an order of the court affecting the interests of

the corporation, the affairs of which were being administered by the receiver, who in this proceeding represents the interests of the owners of the property of which he is temporarily in charge. 17 Ency. Pl. and Prac. 875.

In Felton v. Ackerman, 22 U. S. App. 154, it was held that when persons intervene against the receiver because they cannot obtain relief in any other forum the issue raised by the receiver's answer to the petition makes the proceeding an adversary one in which the receiver represents the interests of the owners of the property of which he is temporarily in charge. If, as such representative, he feels aggrieved by an order of the court made in an adversary proceeding of this character it is difficult to see why he should not be permitted to have the order of the court reviewed by the appellate tribunal to which any other litigant may resort. It is generally held that orders or decrees adjudicating the claims of creditors, declaring priorities, directing distribution of assets and approving and passing the accounts of the receiver are appealable. See Shields v. Coleman, 157 U. S. 168, 39 L. Ed. 660, 15 Sup. Ct. Rep. 570; 23 R. C. L. 134; 3 C. J. 653.

Some jurisdictions hold that the question of the receiver's right to an appeal from an order of the court in which he was appointed is put at rest by the court when it allows the appeal to be taken. In this case the order made by the court from which the appeal is taken may be construed as allowing the receiver to appeal from the order as the judge expressed his anticipation that his disposition of the matter may be appealed to the Supreme Court.

The motion to dismiss the appeal rests upon the proposition that there is no jurisdiction over the person of the appellee because it was not made a party to the cause by process in the circuit court and did not appear voluntarily.

. It did appear voluntarily for the purpose of submitting its claim in its representative capacity for distribution of the corporation's assets on the basis of the number of shares held by it of the corporation's stock, and by stipulation agreed that all questions involved between the parties shall be tried and determined by the court upon the evidence theretofore submitted in the chancery cause and upon the pleadings between the parties, if, and so far as, said pleadings may be or become pertinent.

It was agreed, however, that the stipulation should be without prejudice to the right and privilege of the claimant to object, if it shall be so advised, to the jurisdiction of the court to determine and adjudicate the rights and claims asserted by the receiver against it.

The controversy here relates to a distribution of property in the custody of the court. It is within the power of the court to determine to whom such distribution shall be made. The claimant insists that the court is limited in its power in this regard to a distribution on the basis of the number of shares of stock in the corporation held by each claimant, but that is not sound. The court, not the receiver, must in the last analysis determine what creditors are entitled to participate in the fund and to what extent. When the creditor files his claim with the receiver he thereby comes into court and submits himself to its jurisdiction for the purpose of determining the validity of his claim, the amount of it and the extent to which he may participate in the fund then in the hands of the court. Should the receiver peremptorily disallow any creditor's claim, stockholder or general creditor, the creditor's remedy is by intervention or petition to the court for an order directing the receiver to allow the claim and pay it.

In such a proceeding the creditor's rights to participate

in the fund then in the hands of the court are determined by the rules of law which determine the extent of the corporation's liability to the claimant. If the creditor is aggrieved by the decision he has a right of appeal. So should the receiver have the right of appeal if the decision is such as to impair the estate or detrimentally affect the interests of the creditors, because the receiver is as much receiver for the creditors as for the corporation. To hold otherwise would be contrary to the fundamental principles of equity that have always been invoked in the distribution of the assets of a corporation in liquidation. See Haynes v. Ill. Trust & Savings Bank, 226 Ill. 95, 80 N. E. Rep. 753, 10 L. R. A. (N. S.) 472; 53 C. J. 236; Combs v. Allen, 208 Ky. 519, 271 S. W. Rep. 598; Avery v. Central Bank of Kansas City, 221 Mo. 71, 119 S. W. Rep. 1106, text 1109.

The jurisdiction of the court over the funds and the power of the court to order the distribution of the funds to the persons entitled thereto is beyond question. It is a corollary to this that the court has power to determine the persons entitled to the funds and the amount each is entitled to receive. State *ex rel.* Bromschwig v. Hartman, 221 Mo. App. 215, 300 S. W. Rep. 1054.

As the corporation was holding its assets in trust for distribution to the shareholders including the claimant he or any other stockholder could have invoked the aid of the court if necessary to compel the performance of that trust and the delivery to him of his share. On the other hand he was indebted to the corporation in a large sum for moneys received by him as an officer and unaccounted for. Under such circumstances it would smack of injustice to deny to the corporation the right to retain the dividend due to the claimant and apply it in reduction *pro tanto* of the sum due

itself. See also Woodward v. Sonnesyn, 162 Minn. 397, 203 N. W. Rep. 221.

We hold that as a receivership of a corporation is for the benefit of all its creditors including stockholders, and as the court in which the receivership was obtained must make distribution of the funds in the hands of the receiver to all persons having just claims against the corporation and must determine the validity of each claim and the amount justly due and the pro-rata distribution to which the claimant may be entitled, that a person submitting a claim to a receiver for distribution invokes the judgment of the court upon the validity and amount of his claim and the part he shall take in the distribution of funds in the receiver's hands. If the claimant is aggrieved by the court's judgment on the validity and amount of his claim he has the right of appeal. So the receiver has the right of appeal if the judgment is detrimental to the interest of other stockholders or the estate. 1 Clark on Receivers, Sec. 676 (a).

In this view the motion to dismiss the appeal is denied.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.

BROWN, J., absent.

## ON REHEARING

PER CURIAM.—A petition for a rehearing was filed in this case in which the language of the court in the opinion rendered is stated to be misleading in that it indicates that the court has prejudged the controversy which may arise between Provident Trust Company, surviving Trustee under the will of Stuart Wood, deceased, and executor under the will of Edward R. Wood, on the one side and Walter Wood and L. D. McGregor, as receiver of the Tampa Water Works Company and others, on the other side, in the matter of the alleged claims of the receiver of the Water Works

Company against Provident Trust Company that it has moneys and properties in its hands or possession which belong to the Water Works Company, or that in its representative capacity it owes to the corporation a large sum of money which should be set off against its claim as a shareholder for a distributive part of the assets in the receiver's hands.

It is inconceivable that such interpretation should be placed on the court's language. In those portions of the opinion in which reference was made to the acquisition of property by Stuart Wood which belonged to the Water Works Company, or money due by Stuart Wood to the corporation, or as to the despoliation of the corporation's assets by him or his successor in office, the court was merely quoting or paraphrasing the allegations of the bill on which the equity in the case rested.

The case before the court when the opinion criticised by the petition was rendered was not on the merits of the receiver's claim against the Provident Trust Company, but upon the proposition whether the chancellor could in the same proceeding hear and determine the merits not only of the Provident Trust Company's claim for a distributive share of the assets in the receiver's hands, but the latter's right to set off the alleged debt due to the corporation by the Provident Trust Company in its representative capacity.

The opinion expressly stated that "nothing contained in the decisions of this court either in the first or second case precludes the chancellor from proceeding to hear the contest on its merits or from making an order to hold the distributive share of the claimant Trustee for Stuart Wood until the question of his liability or that of the estate of Stuart Wood to the corporation can be determined."

The petition for rehearing is denied.

Davis, C. J., and Ellis and Terrell, J. J., concur.

Whitfield, P. J., and Buford, J. J., concur in the opinion and judgment.