TAMPA WATER WORKS COMPANY, *et al.,* v. SPENCER P. HAZARD and EDWIN J. LAME, as Executors of the last Will and Testament of WALTER WOOD, Deceased, *et al.*

174 So. 403.
Division B.
Opinion Filed October 1, 1936.
On Rehearing April 16, 1937.

*Knight, Thompson & Turner,* for Appellants.

*Carl. G. Kirsch* (Philadelphia, Pa), and *Mabry, Reaves, Carlton & White,* for Appellees.

*T. M. Shackleford, Jr.,* for the Receiver.

TERRELL, J.—Five times before the present appeal some phase of this case has reached us for adjudication. Tampa Water Works Co v. Wood, 97 Fla. 493, 121 So. 789; Tampa Water Works Co. v. Wood, 104 Fla. 306, 139 So. 800; Wood v. Provident Trust Co., 113 Fla. 260, 152 So. 186, 152 So. 856; McGregor v. Provident Trust Co., 119 Fla. 718, 162 So. 323.

The instant appeal is from a decree awarding solicitor's fees and receiver's fees. Suit was originally brought to dissolve the Tampa Water Works Company, distribute its assets, and to recover large amounts alleged to be due it from the estate of Stuart Wood. In so far as recovery was sought against the estate of Stuart Wood judgment was found against the receiver but the corporation (Tampa Water Works Company) was ordered and dissolved and its assets distributed, a receiver having been appointed when the litigation was instituted for that purpose.

It is shown that a total of $206,379.41 came into the hands of the receiver for distribution. The Chancellor allowed $15,000 to counsel for the receiver for litigating the first suit and $10,000 for all other services to him (receiver) which included advice rendered over a period of eight years and services rendered in litigating suits pertaining to other phases of the litigation. In addition to the foregoing an allowance of $10,000 was made to the receiver for his compensation. The present appeal is from the decree making these allowances.

Appellant contends that the allowance to the receiver is grossly excessive and that the suit to recover from the estate of Stuart Wood was an adversary proceeding, attorney's fees for which cannot be paid for from the assets of the corporation subject to distribution. The following cases are relied on to support this contention. Lewis, *et al.,*

v. Gaillard, *et al.*, 70 Fla. 172, 69 So. 797; State of Florida, *et al.*, v. Florida Central R. R. Co., 16 Fla. 703; Hobbs v. McLean, *et al.*, 117 U. S. 567, 6 Sup. Ct. 870, 29 L. Ed. 940; Morgan, *et al.*, v. Grass Fiber Pulp & Paper Corp., 11 Fed. (2d) 431; 53 C. J. 378.

This suit was brought by the receiver at the direction of the court to collect a claim alleged to be due the corporation by the estate of Stuart Wood in its individual capacity. Compensation in such cases does not depend on the result of the litigation. The suit was not strictly an adversary proceeding. It was incidental to the main purpose of the litigation and having been brought by the receiver on the direction of the court it was subject to be paid for from the fund to be distributed.

Were the fees allowed excessive? Ordinarily $35,000.00 is too much to pay for the administration of an estate of this kind and size. But the administration ran over a period of about eight years, six suits pertaining to it have reached this Court, administration had to be accomplished in this state and in Pennsylvania, necessitating the attention of the receiver in both states, many conferences had to be had in both states, and a good deal of the time of the receiver and counsel was required in both states looking after the litigation and other affairs pertaining to the administration. The Chancellor took testimony and considered the fee question thoroughly. The amount allowed finds ample support in the record and in view of the facts shown as to the labor expended we do not feel inclined to disturb it.

It is the duty of courts and all their agencies to reduce the costs of administration to that minimum consistent with efficiency and dispatch. When estates are administered on any other theory court and bar are rightfully reproached

and instead of being agencies provided by society for the administration of justice they become instrumentalities to apportion the spoils of litigation.

The judgment below is affirmed.

Affirmed.

ELLIS, P. J., and BUFORD, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.

## ON REHEARING HAD

PER CURIAM.—This case is before the Court on rehearing granted to our judgment of affirmance entered October 1, 1936. The controversy has been ably argued by counsel for the respective parties and a full re-examination of the record, and reconsideration of the appellate issues, had by the court sitting *en banc.*

It is unnecessary to enlarge upon the discussion heretofore set forth in the Court's opinion filed the date last aforesaid. It is sufficient to say in passing that while the amounts decreed appear to be unusually large when weighed solely in their relation to the gross amount involved in the estate being administered and wound up, this Court cannot say, sitting as an appellate court, in view of the extraordinary nature of the litigation heretofore carried on, that the record justifies a finding on rehearing that the Chancellor's decree was so closely wrong as to warrant reversal thereof; therefore the affirmance of the decree appealed from should be adhered to on this rehearing and an appropriate judgment to that effect now entered. See: Penn-Florida Hotel Corp. v. Atlantic National Bank of Jacksonville, 126 Fla. 344, 170 Sou. Rep. 877, where the pertinent factors to be considered as a guide in fixing allowance for attorneys and receivers will be found summarized.

Reaffirmed on rehearing.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN, BUFORD, and DAVIS, J. J., concur.